UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-22543-CIV-ALTONAGA

BEATRIZ MARTINEZ-ZARATE,

      Petitioner,

v.

WARDEN, BROWARD
TRANSITIONAL CENTER, *et al.*,

      Respondents.[1]

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Beatriz Martinez-Zarate's Petition for Writ of Habeas Corpus [ECF No. 1], filed on April 13, 2026. Petitioner challenges her detention at the Broward Transitional Center ("BTC") in Pompano Beach, Florida without having been afforded an individualized bond determination. (*See generally id.*). Respondent filed a Response [ECF No. 6]; Petitioner did not file a Reply (*see generally* Dkt.). The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is granted in part.

**I. BACKGROUND**

Petitioner is a Mexican citizen who entered the United States without inspection in 2006. (*See* Pet. ¶¶ 1, 18). Since then, Petitioner has "resided continuously in the United States for

---

[1] Petitioner names several Respondents, including the Warden of the Broward Transitional Center; Garrett Ripa, the Director of the Miami Field Office of Immigration and Customs Enforcement ("ICE"); Todd Lyons, the Acting Director of ICE; Markwayne Mullin, the Secretary of the Department of Homeland Security; and Todd Blanche, the Acting Attorney General. (*See* Pet. ¶¶ 12–16). According to Respondents, the only proper party is Juan Gonzalez, the Assistant Field Office Director and Petitioner's immediate custodian. (*See* Resp. 1 n.1); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (reaffirming that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent"). Petitioner does not contest that assertion. Thus, the Court refers to Respondent in the singular.

approximately twenty years." (*Id.* ¶ 1). On February 4, 2026, Petitioner was "stopped by law enforcement for driving without a license." (*Id.* ¶ 20). According to Petitioner, local law enforcement chose not to file criminal charges against her. (*See id.*). Petitioner was transferred to ICE custody shortly after her arrest. (*See id.*; *see also* Resp. 2).[2] On February 6, 2026, Petitioner was given a Notice to Appear ("NTA"), charging her as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (*See* Resp., Ex. 3, NTA [ECF No. 6-3]).

Petitioner has requested a bond hearing but has not received one. (*See* Pet. ¶ 22). On March 17, 2026, an Immigration Judge ("IJ") denied her request, finding that Petitioner is an "applicant for admission" under the INA and therefore "subject to mandatory detention." (Resp., Ex. 4, Order of the IJ [ECF No. 6-4] 3). Petitioner remains detained at BTC while her removal proceedings are ongoing. (*See* Pet. ¶¶ 1, 23).

On April 13, 2026, Petitioner filed her Petition, asserting two claims for relief. (*See generally id.*). In Count I, Petitioner alleges that her continued detention without an individualized bond hearing violates her due process rights under the Fifth Amendment. (*See id.* ¶¶ 45–49). In Count II, Petitioner states that she is entitled to a bond hearing under 8 U.S.C. section 1226(a), and her detention without one exceeds Respondent's statutory authority. (*See id.* ¶¶ 50–53).

Respondent addresses each of Petitioner's two claims and then incorporates arguments raised in the opposition brief in a similar case: *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025). (*See* Resp. 1–8, 9). In *Puga*, respondents argued that the petitioner failed to exhaust administrative remedies, and the petitioner's detention was lawful under 8 U.S.C. section 1225(b)(2)(A). *See*

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

*Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-cv-24535, Resp. ("*Puga* Resp.") [ECF No. 5] 3–15, filed Oct. 7, 2025 (S.D. Fla. 2025).

## II.  LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  DISCUSSION

***Administrative Exhaustion.***  Respondent contends Petitioner has not exhausted all available administrative remedies because she has not appealed her case to the Board of Immigration Appeals ("BIA").  *See Puga* Resp. 3.  In *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the BIA decided that noncitizens like Petitioner who have resided in the United States without admission are subject to mandatory detention without bond under 8 U.S.C. section 1225(b)(2).  (*See id.*).  In *Puga*, the Court held that *Hurtado* renders the outcome of any BIA appeal of the detention of an individual such as Petitioner "nearly a foregone conclusion" and therefore relieves a petitioner of exhaustion requirements.  *Puga*, 2025 WL 2938369, at *2. Respondent supplies no reason to depart from *Puga*'s reasoning (*see generally* Resp.; *see also id.* 9 (acknowledging *Puga* "controls")), and the Court therefore finds that Petitioner is not required to challenge her detention before the BIA.

***INA Claim.***  Petitioner asserts she is entitled to a bond hearing because 8 U.S.C. section 1226(a), which requires that she receive an individualized bond hearing soon after being

3

detained, governs her detention.  (*See* Pet. ¶ 51).  Respondent maintains Petitioner is subject to mandatory detention under section 1225(b)(2) "because she was present in the United States without being admitted or paroled."  (Resp. 6 (citations omitted)).

As Respondent recognizes, courts within this District and the undersigned have rejected the arguments Respondent makes here.  (*See id.* 7–9 (collecting cases)).[3]  Respondent does not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome; instead, Respondent incorporates the arguments made in *Puga* "to conserve judicial and party resources while expediting the Court's consideration of this case[.]"  (*Id.* 9 (alteration added)).  Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention, and that Petitioner is entitled to a bond hearing. *See Puga*, 2025 WL 2938396, at *5.[4]

***Attorney's Fees.***  Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA").  (*See* Pet. 15).  Under the EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 91 (1991) (alteration added; citing 28 U.S.C. § 2412).  The statute extends to prevailing parties in civil actions against "any agency

---

[3] The INA issues presented in these cases are being considered by the Eleventh Circuit, which held oral argument on March 26, 2026.  *See generally Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065 & 25-14075 (11th Cir. 2026).

[4] The Court declines to reach the merits of Count I, Petitioner's Fifth Amendment claim, as the Court grants the relief Petitioner seeks in Count II.  (*See* Pet. ¶¶ 45–49); *see, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)).  If Respondent fails to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew her due process claim.  And because Count I is an unripe claim contingent on Petitioner not receiving an individualized custody determination hearing under 8 U.S.C. section 1226(a), "the Court must dismiss it without prejudice[.]" *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (alteration added; citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

or any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(a)(1) (alteration added); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (habeas proceedings are civil (citation omitted)).

To recover fees under the EAJA, "the prevailing party must submit to the court an application for fees and expenses 'within thirty days of final judgment in the action.'" *Melkonyan*, 501 U.S. at 91 (quoting 28 U.S.C. § 2412(d)(1)(B)). As the Court rules in Petitioner's favor, Petitioner may apply within 30 days of final judgment showing she is a prevailing party, the amount sought, and that the position of the United States was not substantially justified. *See Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, No. 05-80339-Civ, 2006 WL 8430907, at *1 (S.D. Fla. May 5, 2006) (citing 28 U.S.C. § 2412(d)(1)(B)); *see also De La Caridad Brito v. Saul*, No. 19-cv- 2911, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020) ("An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." (quotation marks and citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner, Beatriz Martinez-Zarate's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**. Respondent shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2. Count I is **DISMISSED without prejudice**.

3. The Clerk shall **CLOSE** the case.

CASE NO. 26-22543-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 30th day of April, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

6